Mohammed Safique v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.   2-05-261-CR

2-05-262-CR

MOHAMMED SHAFIQUE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Mohammed Shafique attempts to appeal from two convictions for felony driving while intoxicated.  On May 10, 2005, Shafique pleaded not guilty to DWI, and the jury found him guilty and assessed his punishment at ten years’ confinement.  On May 12, 2005, in a separate DWI case, Shafique pleaded guilty.  Pursuant to a plea bargain agreement, the trial court sentenced him to eight years' confinement, and Shafique waived his right to appeal the May 10, 2005 conviction.  The trial court entered its certifications of defendant's right to appeal both convictions in accordance with rule 25.2(a)(2).  
Tex. R. App. P.
 25.2(a)(2).  The certification for the May 10, 2005 conviction states that “the defendant has waived the right of appeal,” and the certification from the May 12, 2005 conviction states that this “is a plea-bargain case, and the defendant has NO right of appeal.”

On July 6, 2005, Shafique filed a 
pro se
 notice of appeal in both of the above cases.  On July 8, 2005, we notified Shafique’s attorney that the certifications, indicating that Shafique had no right to appeal one case and that he had waived his right to appeal the other case, had been filed in this court and that these appeals would be dismissed unless Shafique or any party desiring to continue the appeals filed a response showing grounds for continuing the appeals.  
See
 
Tex. R. App. P.
 25.2(d), 44.3.  We have received no response. 

Rule 25.2(a)(2) limits the right to appeal in a plea bargain case to those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal.  
Tex. R. App. P.
 25.2(a)(2)(A)-(B).  According to the trial court's certifications, neither of these circumstances apply because the certifications state that there is no right of appeal in one of the cases and that Shafique waived his right to appeal the other case. 

Because Shafique has no right to appeal case number 2-05-261-CR and has waived his right to appeal case number 2-05-262-CR, we dismiss these appeals.  
See
 
Tex. R. App. P.
 43.2(f), 44.3. 

PER CURIAM

PANEL D: WALKER, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: August 11, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.